**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

PROTÉGÉ BIOMEDICAL, LLC,                    Civil No. 19-3152 (JRT/HB)

                          Plaintiff,

v.                                          **MEMORANDUM OPINION AND ORDER**
                                            **DENYING DEFENDANTS' MOTION FOR**
DUFF & PHELPS SECURITIES, LLC, and              **SANCTIONS**
PHILIP I. SMITH,

                          Defendants.

---

Jack Y. Perry, Kristine M. Boylan, Andrew Stephen Dosdall, and O. Joseph
Balthazor, Jr., **TAFT STETTINIUS & HOLLISTER LLP,** 2200 IDS Center, 80
South Eighth Street, Minneapolis, MN 55402, for Plaintiff.

Stephen V. D'Amore, Ross J. Corbett, and Scott Ahmad, **WINSTON &
STRAWN LLP**, 35 West Wacker Drive, Chicago, IL 60601; David R. Marshall
and John Pavelko, **FREDRIKSON & BYRON**, 200 South Sixth Street, Suite
4000, Minneapolis, MN 55402, for Defendants.


Defendants filed a Motion for Sanctions against Plaintiff Protégé Biomedical,

pursuant to Rule 11(c), 28 U.S.C. § 1927, and the Court's inherent authority.  The Court

previously denied Protégé's Motion to Remand based on fraudulent joinder and indicated

that it would dismiss all claims against Defendants for failure to state a claim if the

Magistrate Judge denied Protégé's Motion for Leave to Amend.  Now that the Magistrate

Judge denied Protégé's Motion for Leave to Amend, Defendants argue that Protégé

advocated frivolous claims and should be sanctioned.  Protégé asserts that its complaint

was thorough, detailed, and well-supported, and therefore neither frivolous nor in bad faith.  Although Protégé fraudulently joined Defendant Smith and failed to state any claim against Defendants as a matter of law, the Court will find that sanctions are not warranted in this case and deny Defendants' Motion.

## BACKGROUND

The Court described the factual and procedural background of the larger dispute between Protégé and Duff & Phelps in its September 29, 2020 decision.  *See Protégé Biomedical, LLC v. Duff & Phelps Secs., LLC*, No. 19-3152, 2020 WL 5798516, at *1–3 (D. Minn. Sept. 29, 2020).  Here, the Court will only recite facts relevant to the sanctions motion currently under consideration.

Defendants sent Protégé a letter on December 23, 2019, which is the same day Defendants removed the case to federal court, (*see* Notice Removal, Dec. 23, 2019, Docket No. 1), which informed Protégé that its Complaint violated Minnesota Rule of Civil Procedure 11.02 and Federal Rule of Civil Procedure 11(b) because it purportedly made frivolous claims, and asked Protégé to withdraw these claims, (Aff. Jack Y. Perry, Ex. X at 2, Jan. 13, 2020, Docket No. 27.)  Protégé did not withdraw the claims, and on January 13, 2020, Protégé filed a Motion to Remand.  (Mot. Remand, Jan. 13, 2020, Docket No. 21.)

On January 10, 2020, Defendants filed a Motion to Dismiss for the Complaint's failure to state a claim upon which relief could be granted.  (Mot. Dismiss, Jan. 10, 2020, Docket No. 15.)  Protégé responded to Defendants' Motion to Dismiss on January 31,

2020, (Mem. Opp. Mot. Dismiss, Jan. 31, 2020, Docket No. 31), which Defendants contend improperly augmented the Complaint's allegations by newly asserting a disclosure of confidential information and attaching irrelevant exhibits.

Defendants state that they served Protégé with the Motion for Sanctions presently before the Court on March 31, 2020. Pursuant to Rule 11(c)(2), Protégé was allowed 21 days of "safe harbor" to withdraw or correct the challenged claims, which ended on April 21, 2020. *See* Fed. R. Civ. P. 11(c)(2). Protégé, again, did not withdraw the challenged claims or allegations.

The Court held a hearing on the Motions to Dismiss and to Remand on April 29, 2020. (Minute Entry, Apr. 29, 2020, Docket No. 45.) After argument, Protégé filed a Motion for Leave to Amend on May 12, 2020, seeking to add facts, arguments, and claims to its Complaint. (Mot. Amend Pleadings, May 12, 2020, Docket No. 46).

On September 29, 2020, the Court issued its decision on the Motion to Dismiss and Motion to Remand. *See Protégé Biomedical*, 2020 WL 5798516. The Court found that no reasonable basis in fact or law existed for Protégé's claims against Smith and that he was therefore fraudulently joined to the action. *Id.* at *8. The Court thus denied Protégé's Motion to Remand, as the action was properly removed to federal court. *Id.*

Since the Court had subject-matter jurisdiction, the Court reached the merits of Defendants' Motion to Dismiss. *Id.* The Court held that Protégé failed to allege any plausible claims and therefore indicated it would grant Defendants' Motion to Dismiss.

-3-

*Id.* at *10.  However, because Protégé's Motion for Leave to Amend was pending before the Magistrate Judge when the Court issued its written decision, the Court stated that it would stay dismissal of the case until the Magistrate Judge issued a decision on the Motion for Leave to Amend.  *Id.*

The Magistrate Judge denied Protégé's Motion for Leave to Amend on October 6, 2020.  (Sealed Order, Oct. 6, 2020, Docket No. 74.)  The Magistrate Judge also denied Defendants' request for fees and costs associated with the Motion for Leave to Amend.  (*Id.* at 25.)  Defendants filed their Motion for Sanctions the following day.  (Mot. Sanctions, Oct. 7, 2020, Docket No. 75.)

Now that the Motion for Leave to Amend has been denied, the Court will dismiss Protégé's Complaint with prejudice in accord with its September 29, 2020 Order.

## DISCUSSION

### I.      STANDARD OF REVIEW

Rule 11(b) requires an attorney to certify that all asserted "claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]"  Fed. R. Civ. P. 11(b)(2).  When reviewing a motion for sanctions pursuant to Rule 11, the Court determines whether a reasonable and competent attorney would believe in the merit of an argument.  *Coonts v. Potts*, 316 F.3d 745, 753 (8th Cir. 2003) (quotation omitted).  Rule 11(b) provides that sanctions may be imposed for a frivolous complaint filed in state court

-4-

after the case is removed to federal court.  *Meyer v. U.S. Bank Nat'l Ass'n*, 792 F.3d 923, 928 (8th Cir. 2015).

Sanctions under § 1927 are also available when an attorney "multiplies the proceedings in any case unreasonably and vexatiously," and sanctions may include costs and attorney's fees that are reasonably incurred because of that attorney's behavior.  28 U.S.C. § 1927.  "Sanctions are proper under § 1927 when attorney conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court."  *Lee v. First Lenders Ins. Servs., Inc.*, 236 F.3d 443, 445 (8th Cir. 2001) (quotation omitted).  However, because § 1927 "is penal in nature, it should be strictly construed[.]"  *Lee v. L.B. Sales, Inc.*, 177 F.3d 714, 718 (8th Cir. 1999).

The Court also has inherent authority to impose sanctions if an attorney's conduct abuses the judicial process.  *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 749 (8th Cir. 2018); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991).

## II.    ANALYSIS

Defendants assert that three aspects of Protégé's Complaint were frivolous: the claim for unlawful practice of law, the claim for a writ of mandamus, and the fraudulent joinder of Smith.  Defendants also assert that Protégé made material factual misrepresentations.  Thus, Defendants argue that sanctions are warranted.  The Court disagrees.

A.      **Unlawful Practice of Law**

Minnesota Statute § 481.02 prohibits the unlawful practice of law and violation of the statute constitutes a misdemeanor.  *See* Minn. Stat. § 481.02 subd. 1, 8(a).  When, as here, the unlawful practice of law is incidental to the performance of another service of nonlegal character, to maintain a claim for the unlawful practice of law under Minnesota law a party must allege (1) that it requested legal advice for consideration; (2) the accused party provided legal advice or took action on the other party's behalf in the regular course of conduct; and (3) the question involved "difficult or doubtful legal questions" for which a trained lawyer's opinion was necessary "to safeguard the public."  *See Gardner v. Conway*, 48 N.W.2d 788, 796 (Minn. 1951).

Defendants assert that sanctions are warranted because Protégé made no inquiry into the elements of the unlawful practice of law in Minnesota before accusing Defendants of the offense; rather, Protégé only offered arguments with respect to another offense, legal malpractice.  Protégé argues that the definition of the "practice of law" under *Gardner* is not concretely delineated and, moreover, must evolve over time. *See Cardinal v. Merrill Lynch Realty/Burnet, Inc.*, 433 N.W.2d 864, 870 (Minn. 1988). Additionally, Protégé asserts it merely compared the unlawful practice of law in this case to legal malpractice, and an unpersuasive analogy is not sanctionable.

Despite Protégé's unlawful practice of law claim lacking a reasonable basis in law and fact, the Court finds that it is not sanctionable.  Protégé's arguments were within the

bounds of Rule 11(b)(2), given the flexible nature of the unlawful practice of law analysis under Minnesota law, *see Gardner*, 48 N.W.2d at 796, and the alleged ambiguities in the contract in dispute.  The Court also takes Protégé's point that an unpersuasive analogy is not typically grounds for sanctions.  Moreover, because of the seriousness of sanctions under § 1927, the Court declines to award them for merely asserting a strained and ultimately unavailing argument.

### B.   Writ of Mandamus

Under Minnesota law, to obtain a writ of mandamus, a plaintiff must show that (1) the defendant "failed to perform an official duty clearly imposed by law," (2) which caused "a public wrong specifically injurious to [the plaintiff]," and (3) "that there is no other adequate legal remedy."  *N. States Power Co. v. Minnesota Metro. Council*, 684 N.W.2d 485, 491 (Minn. 2004) (cleaned up).

Defendants argue that Protégé's claim for a writ of mandamus was frivolous and was made for an improper purpose because the allegations failed to satisfy a single element of a mandamus claim, ignored caselaw requiring an official duty and public wrong to exist, and made incorrect claims about the remedy sought through the writ. Protégé states that it brought a claim for a writ of mandamus in an effort to obtain the speediest and most complete remedy possible.  Protégé explains that it believed the claim was well-founded because, under New York law governing the contract in dispute, it could be construed as imposing an official duty.  Moreover, Protégé points out that the cases

Defendants rely on are only persuasive, rather than binding authority from the Minnesota Supreme Court. *See, e.g.*, *Pigs R Us, LLC v. Compton Twp.*, 770 N.W.2d 212 (Minn. Ct. App. 2009). Protégé therefore asserts that it reasonably argued for an expanded application of mandamus law based on the plain language of the mandamus statute, Minn. Stat. § 586.01, which does not list "official duty" as a requirement.

The Court again finds that, although ultimately meritless, Protégé's claim for a writ of mandamus is not sanctionable. As with its claim for unlawful practice of law, Protégé attempted to draw an analogy to cases from other contexts such as corporate governance. Protégé also relied on the language of the statute to seek a novel application of Minnesota mandamus law which, although unsuccessful, was not plainly frivolous or for an improper purpose. As such, the Court finds that the arguments were within the bounds of Rule 11(b) and declines to impose sanctions under either Rule 11, § 1927, or the Court's inherent authority.

### C.   Joinder of Smith

In its September 29, 2020 decision, the Court found that Smith was fraudulently joined to the state court action. To demonstrate fraudulent joinder, the nondiverse defendant must show that "no reasonable basis in fact and law" exists for the claims brought against it. *Murphy v. Aurora Loan Servs*., LLC, 699 F.3d 1027, 1031 (8th Cir. 2012) (quotation omitted).

Defendants ask the Court to impose sanctions because Smith was joined for an improper purpose—to defeat diversity jurisdiction.  Defendants contend that Protégé's filings illustrate that it failed to investigate whether Smith could plausibly be a party to or bound by the contract in dispute, and Protégé provided no legal basis as to why he would be.  Instead, Protégé's allegations focus on conduct by one of Smith's associates but not him.

Protégé argues that, on the whole, the contract in dispute suggests that Smith intended to be bound by it, and that the Complaint pleaded the requisite bases for Smith's liability under New York law.  Protégé also asserts that, although Smith's inferior was the author of the email allegedly giving rise to the unlawful practice of law claim, communication with Protégé was controlled by Smith, so Protégé believed the email should be attributed to him.

Although meritless and lacking a colorable basis, the Court finds the claims against Smith were not in violation of Rule 11(b) or § 1927.  Smith's crucial involvement with Protégé and negotiation of the contract in dispute could lead Protégé and its counsel to believe, albeit erroneously as a matter of law, that Smith was bound by the terms of the contract in some way.  Given the higher bar for imposing sanctions as compared to finding fraudulent joinder, the Court will decline to exercise its discretion to impose sanctions for the fraudulent joinder of Smith.

D.     **Material Factual Misrepresentations**

Lastly, Defendants argue that Protégé has shown a disdain for facts, identifying several alleged material misrepresentations of fact, which Defendants claim warrant sanctions.  In particular, Defendants assert that Protégé alleged facts that contradict the facts found in documents produced by Duff & Phelps and provided to Protégé as part of a related federal action, *Protégé Biomedical, LLC v. Z-Medica, LLC*, ECF Civ. No. 18-3227. Defendants also take issue with the lack of documentation for some facts proffered by Protégé.  Defendants suggest that these misrepresentations were intentional, rather than merely careless.

However, the Court finds that, because the parties continue to dispute the veracity of the alleged factual misrepresentations, even now, sanctions are not warranted. Moreover, as Protégé contends, Defendants only take issue with a handful of facts asserted over the course of voluminous allegations, so it is not clear that any of the alleged misrepresentations were material to the Court's resolution of the Motion to Remand or Motion to Dismiss.  As such, the Court finds that sanctions are not warranted on this ground.

In sum, because none of the grounds asserted by Defendants demonstrate that sanctions are warranted, the Court will deny Defendants' Motion.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1.  This action is **DISMISSED with prejudice;** and

2.  Defendants' Motion for Sanctions [Docket No. 75] is **DENIED**.


**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:  January 19, 2021
at Minneapolis, Minnesota.

                                                   JOHN R. TUNHEIM
                                                    Chief Judge
                                    United States District Court